1  Michael J. Jaurigue (SBN 208123)
   **JAURIGUE LAW GROUP**
2  300 West Glenoaks Blvd., Ste. 300
   Glendale, California 91202
3  Telephone: 818-630-7280
   Facsimile: 888-879-1697
4  service@jlglawyers.com
   michael@jlglawyers.com
5
   Mark Samuel Greenstone
6  **GREENSTONE LAW APC**
   1925 Century Park East, Suite 2100
7  Los Angeles, CA 90067
   Telephone (310) 201-9156
   Facsimile: (310) 201-9160
8  mgreenstone@greenstonelaw.com
9  Lionel Zevi Glancy (SBN 134180)
   Marc L. Godino (SBN 182689)
10 Danielle Leigh Manning (SBN 313272)
   **GLANCY PRONGAY AND MURRAY LLP**
11 1925 Century Park East, Suite 2100
   Los Angeles, CA 90067
12 Telephone: (310) 201-9150
   Facsimile: (310) 201-9160
13 lglancy@glancylaw.com
   mgodino@glancylaw.com
14 dmanning@glancylaw.com
15 *Attorneys for Plaintiff,*
   SUNIL DANIEL
16
17 Edward San Chang (SBN 241682)
   Darren K. Cottriel (SBN 184731)
   John A. Vogt (SBN 198677)
18 **JONES DAY**
   3161 Michelson Drive, Suite 800
19 Irvine, CA 92612
   Telephone: (949) 85-3939
20 Facsimile: (949) 553-7539
   echang@jonesday.com
21 dcottriel@jonesday.com
   javogt@jonesday.com
22
   Attorneys for Defendant
23 LENNAR CORPORATION

**JOINT STIPULATION FOR REQUEST FOR DISMISSAL**

# UNITED STATES DISTRICT COURT
# CENTRAL DISCTRICT OF CALIFORNIA

| | |
|---|---|
| SUNIL DANIEL, an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LENNAR CORPORATION,<br><br>Defendant. | Case No.: 8:19-cv-00452-JLS-DFM<br><br>**JOINT STIPULATION FOR REQUEST FOR DISMISSAL**<br><br>**[PROPOSED] ORDER LODGED CONCURRENTLY HEREWITH** |

**TO THE HONORABLE COURT:**

Pursuant to Fed. R. Civ. Proc. 41(a)(1)(A)(ii) and pursuant to Judge Josephine L. Staton's judge's requirement's [1], Plaintiff SUNIL DANIEL ("Plaintiff") and Defendant LENNAR COPRORATION ("Defendant") hereby jointly and respectfully submit this request for approval of the dismissal of this Plaintiff's individual claims with prejudice and the putative class claims without prejudice. A proposed order is lodged concurrently herewith, and Plaintiff and Defendant hereby jointly and respectfully request that the Court enter this proposed order.

The Parties further jointly and respectfully submit that, because there has been no publicity surrounding this case and no unnamed class members will be prejudiced (or even bound) by the dismissal, there is no need for notice. A proposed

---

[1] Judge Staton's Judge's Requirement's page states: "Where parties in a putative class action reach a settlement of only the named plaintiff's individual claims, and seek dismissal of the class claims, any stipulation of dismissal must articulate why the factors identified in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), favor dismissal and why notice need not be provided to the putative class. The Court requires the parties to submit their settlement agreement to the Court for review."

order to this effect is set forth at the end of this pleading, and Plaintiff and Defendant hereby jointly and respectfully request that the Court enter this proposed order. Pursuant to the Parties' settlement agreement and the Court's requirement, a copy of the settlement agreement will be submitted under seal for the Court's review, unless the Court otherwise instructs.

## I. Factual Background And Procedural History

On March 7, 2019, Plaintiff filed the instant putative class action in the United States District Court, Central District of California, entitled *Sunil Daniel v. Lennar Corporation*, Case No. 8:19-cv-00452-JLS-DFM. The complaint alleged that Defendant violated Telephone Consumer Protection Act, 47 U.S.C. section 227 by sending automated text messages to Plaintiff and others similarly situated for telemarketing and/or advertising purposes without obtaining authorization and/or prior express consent.

Under Judge Staton's Judge's Procedure's page, the parties to a putative class action seeking a pre-certification dismissal of the action must "articulate why the factors identified in *Diaz v. Trust Territory of the Pacific Islands*, 876 F.2d 1401, 1408 (9th Cir. 1989), favor dismissal and why notice need not be provided to the putative class."

Here the parties cite several cases—all of which rely on *Diaz v. Trust Territory of Pac. Islands*, 876 F.2d 1401, 1408 (9th Cir. 1986)—discussing the factors for evaluating a pre-certification settlement and dismissal. *See, e.g., Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Tombline v. Wells Fargo Bank, N.A.*, 2014 WL 5140048 (N.D. Cal. Oct. 10, 2014); *Lyons v. Bank of Am., N.A.*, 2012 WL 5940846 (N.D. Cal. Nov. 27, 2012). These cases hold that under (at least under the prior version of) Rule 23(e), a court must review and approve both pre- and post-certification dismissals, but a precertification dismissal review takes "a much lighter form that does not entail the

kind of substantive oversight required when reviewing a settlement binding upon the class." *See, e.g., Tombline*, 2014 WL 5140048, at *2 (citing *Diaz*, 876 F.2d at 1408).

To determine whether pre-certification dismissal is appropriate, "the Court must inquire into possible prejudice from (1) class members' possible reliance on the filing of the action if they are likely to know of it either because of publicity or other circumstances; (2) lack of adequate time for class members to file other actions, because of a rapidly approaching statute of limitations; (3) any settlement or concession of class interests made by the class representative or counsel in order to further their own interests." *Lyons*, 2012 WL 5940846, at *1 (citing *Diaz*, 876 F.2d at 1408); *see also Tombline*, 2014 WL 5140048, at *2. The purpose of this review is to assess whether there are unusual circumstances that would necessitate notice to absent class members prior to the dismissal. *Diaz*, 876 F.2d at 1408 ("In no pre-certification dismissal would the court reject the dismissal and require anything more than notice to the class and an opportunity to intervene.") The Ninth Circuit "emphasized" in *Diaz* that notice "to the class of precertification dismissal is not … required in all circumstances." *Tombline*, 2014 WL 5140048, at *2 (citing *Diaz*, 876 F.2d at 1408-09). Instead, notice may be appropriate only if the "putative class members might be subject to prejudicial or unfair impacts" from the dismissal. *Id*.

Here, the *Diaz* factors for approving a pre-certification dismissal are clearly satisfied.

**A.     Class Members Have Not Relied To Their Detriment On This Lawsuit**

First, there is no evidence that unnamed class members relied on this lawsuit at all, much less to their detriment, such that they will be prejudiced by the dismissal. The Parties are unaware of any media coverage regarding the lawsuit, and Plaintiff's counsel have not received any communications from any putative class members

about the case.

### B. Class Members Do Not Face A Rapidly Approaching Statute Of Limitations

Second, even if some putative class members have relied on this lawsuit, there is no "rapidly approaching statute of limitations" that would render them without sufficient time to pursue relief. The complaint was filed in March 2019 and addressed conduct allegedly taking place up to that point. As many courts in this circuit have recognized in approving precertification dismissals, the "filing of the class action complaint toll[s] the statute of limitations, which will not resume running until [Plaintiffs'] class claims are dismissed." *See, e.g., Tombline*, 2014 WL 5140048, at *3 (internal citations omitted); *Lyons*, 2012 WL 5940846, at *2 ("What's more, these claims would not be time-barred because of the class action tolling doctrine."); *Houston*, 2009 WL 921627, at *2 ("[T]he statute of limitations has been tolled since the lawsuit was filed."); *Diaz*, 876 F.2d at 1407 (citing *American Pipe Construction Co. v. Utah*, 414 U.S. 538 (1974) (filing of class action tolls statute of limitations on individual claims covered by class action)).

Here, of course, only Plaintiff's individual claims are being dismissed with prejudice, and so absent class members can make use of *American Pipe* tolling should one of them wish to assert his or her own individual claim. *See American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974), and *Crown, Cork & Seal Co., Inc. v. Parker*, 462 U.S. 345, 353-54 (1983) ("the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Under this rule, if the case is dismissed before certification as requested here, and an absent class member then brings his or her own individual claim for the same wrong, then the statute of limitations will be deemed tolled during the pendency of the prior putative class action until the date of dismissal. *See*

-5-
**JOINT STIPULATION FOR REQUEST FOR DISMISSAL**

*American Pipe*, 414 U.S. at 561; *see also China Agritech, Inc. v. Resh*, ––– U.S. –––, 138 S. Ct. 1800, 201 L.Ed.2d 123 (2018); *Robbin v. Fluor Corp.*, 835 F.2d 213, 214 (9th Cir. 1987).

Thus, because absent class members will not "face a short fuse on pursuing the claims to be dismissed," this *Diaz* factor favors dismissal without notice.

### C.  There Was No Collusion Or Concession Of Class Interests

Third, and finally, there has been no concession of class interests – the claims of the absent class members are being dismissed without prejudice. *See, e.g., Lyons*, 2012 WL 5940846, at *1(citing *Diaz*, 876 F.2d at 1408) ("because the parties intend to dismiss the class claims without prejudice, absent class members would still be able to bring suit against Defendants."); *see also Tombline*, 2014 WL 5140048, at *3 ("Because the settlement does not prevent putative class members from pursuing claims, they are not likely, as a general matter, to be prejudiced."); *Houston*, 2009 WL 921627, at *2 ("[T]he parties do not seek to dismiss the class claims with prejudice and, therefore, they are not impacting the rights of potential class members."). Therefore, the class members' claims will not be compromised by the dismissal of this matter. In sum, the *Diaz* factors—individually, and together—favor approving the dismissal requested without notice.

## II.  CONCLUSION

For the foregoing reasons, the Parties respectfully request that the Court enter the proposed order and dismiss Plaintiff's individual claims with prejudice and the putative class claims without prejudice.

///
///
///
///

**JOINT STIPULATION FOR REQUEST FOR DISMISSAL**

All signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED February 17, 2022              **GREENSTONE LAW APC**

By: /s/ *Mark Greenstone*
Mark Samuel Greenstone

Attorneys for Plaintiff SUNIL DANIEL

DATED: February 17, 2022             **GLANCY PRONGAY & MURRAY LLP**

By: /s/ *Marc Godino*
Lionel Zevi Glancy
Marc L. Godino
Danielle Leigh Manning

Attorneys for Plaintiff SUNIL DANIEL

DATED: February 17, 2022             **JAURIGUE LAW GROUP**

By: /s/ *Michael J. Jaurigue*
Michael J. Jaurigue, Esq.

Attorneys for Plaintiff SUNIL DANIEL

DATED: February 17, 2022             **JONES DAY**

By: /s/ *Edward Chang*
Edward San Chang
Darren K. Cottriel
John A. Vogt

Attorneys for Defendant LENNAR CORPORATION

**JOINT STIPULATION FOR REQUEST FOR DISMISSAL**